UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
CHARLES SPELLS, *pro se*

                Petitioner,

    -against-

WILLIAM LEE,

                Respondent.
------------------------------------X

**ORDER**

11-CV-1680 (KAM)

**MATSUMOTO, United States District Judge:**

     *Pro se* petitioner Charles Spells (the "petitioner") requests that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be stayed so that he may exhaust an additional claim in state court. (ECF No. 6, Stay Motion ("Stay Mot.").) Respondent William Lee (the "respondent") does not oppose petitioner's motion for a stay. (ECF No. 3, Memorandum of Law ("Resp. Mem.") at 1-3.)

**DISCUSSION**

     On March 24, 2011, petitioner timely filed his habeas petition pursuant to 28 U.S.C. § 2254 (the "petition"), alleging that the prosecution "failed to disprove appellant's justification defense beyond a reasonable doubt, and the verdict was against the weight of the evidence." (ECF No. 1, Petition at 2.) Based on the information available in the petition, petitioner appears to have previously raised, and exhausted, this claim in state court. (*Id.*)

1

On June 8, 2011, petitioner moved to stay his petition (the "stay motion") during the pendency of his motion for a writ of error coram nobis regarding an ineffective assistance of counsel claim in state court. (Stay Mot.) Respondent does not oppose petitioner's motion for a stay of the petition. (ECF No. 3, Resp. Mem. at 1-3.)

Because petitioner did not raise the ineffective assistance of counsel claim in his petition filed on March 24, 2011, his petition contains only exhausted claims and is therefore not a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982), subject to the standards of *Rhines v. Weber*, 544 U.S. 269 (2005), governing the grant of a stay in the habeas context. Therefore, petitioner's stay motion is premature. *See Bethea v. Walsh*, No. 09-cv-5037, 2010 WL 2265207, at *1 (E.D.N.Y. June 2, 2010) (finding premature petitioner's motion to stay his habeas petition pending the filing of a N.Y.C.P.L. § 440.10 motion where petitioner had not raised the anticipated claims in his habeas petition and the petition was therefore not "mixed"). Accordingly, before the court can address petitioner's stay motion, petitioner must first move to amend his current petition pursuant to Federal Rule of Civil Procedure 15(a) to add the new, unexhausted claim for ineffective assistance of counsel. (*Id.*)

Furthermore, a petition for a writ of habeas corpus

filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 546 (2d Cir. 2009); *Clark v. Artus*, No. 09-CV-3577, 2010 WL 1269797, at *3 (E.D.N.Y. Apr. 1, 2010). Pursuant to the AEDPA, the limitation period runs

> from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year statute of limitations also applies to any amendments petitioner makes to his petition, unless the new claims in the amendment relate back to the original petition. Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or

3

defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading"); *see also Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010).

Here, on December 28, 2009, the New York Court of Appeals denied petitioner leave to file an appeal of the Appellate Division's denial of his direct appeal. (Pet. at 2.) Petitioner's conviction thus became final ninety days later, on March 28, 2010. Petitioner then filed the petition for a writ of habeas corpus on March 24, 2011 (Pet. at 14), with four days to spare under the AEDPA statute of limitations. The statute of limitations has since expired. Accordingly, petitioner may only amend his petition if his proposed new claim for ineffective assistance of counsel relates back to his original claims pursuant to Fed. R. Civ. P. 15. If petitioner can demonstrate that his proposed new claim relates back to the claims in his petition filed on March 24, 2011, prior to the expiration of the AEDPA statute of limitations, the court will then consider the merits of petitioner's motion to amend his petition. If leave to amend is granted, only then will the court consider petitioner's motion to stay.

## **CONCLUSION**

Petitioner's motion to stay his petition is denied

4

without prejudice.  If petitioner wishes to add a new ineffective assistance of counsel claim to the instant petition, he must address whether, given that the proposed amendment is not timely, the amendment relates back to his original petition.  In addition, petitioner must attach to his motion to amend: (1) a proposed amended petition that includes the claims raised in his current petition and the new claim he has yet to exhaust; (2) copies of the writ of error coram nobis motion briefs and any state court decision on that motion, if available; and (3) copies of any other state court motions filed by petitioner, seeking post-conviction or collateral review.

If petitioner chooses to file a motion to amend and can establish that his new claim relates back to the claims in his original petition, he shall concurrently file a motion to amend and a motion to stay his habeas petition by July 8, 2011.  Petitioner should be aware that under *Rhines*, this court can grant requests to stay only when: (1) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (2) the unexhausted claims are not "plainly meritless."  *Rhines*, 544 U.S. at 277.  In his submission, petitioner should state when he discovered the factual basis for his new claims.

Respondent is directed to respond to petitioner's motion to amend by July 15, 2011. The respondent shall serve a copy of this Order upon petitioner and file a certificate of service by June 24, 2011.

**SO ORDERED.**

Dated: June 23, 2011
      Brooklyn, New York

                                                          /s/

                                          **KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York