UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLES SPELLS,

                           Petitioner,

               -against-                        **REPORT AND**
                                                        **RECOMMENDATION**
WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,                                11-CV-1680 (KAM) (JMA)

                           Respondent.
-----------------------------------------------------------------X

A P P E A R A N C E S:

Charles Spells
05A3857
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12852-4000
    *Pro Se Petitioner*

Victor Barall
Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201
    *Attorney for Respondent*


**AZRACK, United States Magistrate Judge:**

      Pro se petitioner Charles Spells ("petitioner") filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus against William Lee, the superintendent of the correctional facility where he is incarcerated ("respondent"), seeking relief from his conviction and incarceration by New York state authorities. Pet., ECF No. 1. Petitioner has filed a motion to amend his petition to add new claims, and to stay the petition so that he may exhaust his state remedies for the newly added claims. Pet.'s Mot. to Amend and Stay, ECF No. 15. The Honorable Kiyo A. Matsumoto has referred petitioner's motion to me for a Report and Recommendation. Order Referring

Motion, April 13, 2012. For the reasons explained below, I respectfully recommend that the Court deny petitioner's motion to amend and stay, and allow petitioner to proceed with the exhausted claims in his original petition.

## I. BACKGROUND

### A. Trial and Conviction

In 2003, petitioner was charged in Kings County with two counts of murder in the second degree, and one count each of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. N.Y. Penal Law § 125.25; N.Y. Penal Law § 125.20; former N.Y. Penal Law § 265.03; former N.Y. Penal Law § 265.02. Resp.'s Aff. in Opp. to Pet. ¶ 5, ECF No. 3. The charges arose from an incident in April 2003, wherein petitioner, who was carrying a loaded, concealed handgun, approached Jean Frank Guillaume outside an apartment building in Brooklyn. Id. ¶ 4. The two men had a brief discussion that escalated into an argument, and then a physical altercation. Id. Guillame pulled a knife and stabbed petitioner's back and arm, and petitioner fired three shots at Guillame. Id. Guillame suffered one gunshot wound to the face and two gunshot wounds to the back. He was rushed to the hospital, but died shortly thereafter. Id.

At petitioner's trial, the prosecution introduced evidence from several witnesses, and petitioner testified as the sole defense witness. Id. ¶¶ 6–7. The relevant evidence for the purposes of this opinion is as follows.

A resident of the apartment building testified that she heard three gunshots outside her window. Id. ¶¶ 6(a)–(b). The police officers who responded to the scene testified that they found Guillame facedown and breathing on the sidewalk, then accompanied him to the hospital. Id. ¶¶ 6(c)–(d). One of the police officers testified that, while in the emergency room, he happened upon petitioner, who had come to the hospital independently in order to seek medical

treatment for his stab wounds. Id. According to the officer, petitioner said that Guillaume had stabbed him and that he had shot Guillame, then disposed of the gun. Id.

Because the doctor who had performed the autopsy on Guillaume was unable to testify at trial, the prosecution called a forensic pathologist to interpret the doctor's autopsy report. Id. ¶ 6(i). The forensic pathologist testified that the autopsy revealed that Guillame had been shot three times. Id. ¶ 6(j). One shot entered under his right eyelid, and had likely been fired from less than eighteen inches away. Id. The other two shots went into Guillame's back. Id. The prosecution also presented the testimony of the detectives who inspected the scene, a ballistics expert, and a criminologist. See id. ¶ 6. A nine-inch knife with defendant's blood on it, which had been recovered from the scene, was also admitted. Id. ¶ 6(h).

Petitioner testified that he had approached Guillame in order to purchase marijuana, and that he was armed with a loaded semi-automatic handgun that he needed for protection. Id. ¶ 7(a). He claimed that he and Guillame exchanged words, and that he decided to leave and turned to walk away. Id. ¶ 7(c). As he was walking away, Guillame grabbed him and stabbed him multiple times in the back and bicep. Id. ¶ 7(d). Defendant testified that, in response, he pulled his gun from his back pocket and fired over his left shoulder, shooting "[t]ill the gun stopped firing." Id. He claimed that he did not see where he fired or what happened to Guillame. Id.

On February 16, 2005, the jury found petitioner guilty of Murder in the Second Degree under New York Penal Law § 125.25, and Criminal Possession of a Weapon in the Second Degree under former New York Penal Law § 265.03. Id. ¶ 9; Pet. at 1. On June 1, 2005, the court sentenced petitioner to concurrent terms of twenty years to life on the murder count, and five years on the weapon possession count. Id.

## B. Appeals and Post-Conviction Proceedings

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that the prosecution had failed to disprove his justification defense beyond a reasonable doubt, and that the verdict convicting him of murder was against the weight of the evidence. Id. ¶ 11; Pet. at 2. The Second Department affirmed petitioner's conviction on October 20, 2009. Resp.'s Aff. in Opp. to Pet. ¶ 13; Pet. at 2. The New York Court of Appeals denied petitioner's application for leave to appeal the Second Department's decision on December 28, 2009. Resp.'s Aff. in Opp. to Pet. ¶ 14; Pet. at 2. On March 24, 2011, petitioner moved in the Second Department for a writ of error coram nobis[1] on the ground of ineffective assistance of appellate counsel. Resp.'s Aff. in Opp. to Pet. ¶ 15. The Second Department denied his motion on October 11, 2011. Resp.'s Aff. in Supp. of Opp. to Mot. to Amend ¶ 6 n.1, ECF No. 16. Petitioner's application for leave to appeal the denial of that motion is currently pending before the Court of Appeals. Id.

## C. The Instant Proceedings

Petitioner filed his petition under 28 U.S.C. § 2254 for a writ of habeas corpus in this Court on March 24, 2011, claiming that the People failed to disprove his justification defense beyond reasonable doubt, and that the verdict was against the weight of the evidence. Pet. Respondent filed an opposition to the petition on May 24, 2011. Resp.'s Opp. to Pet., ECF No. 3. Respondent argued, inter alia, that the petition should be held in abeyance because petitioner had a writ of error coram nobis pending before the Appellate Division, Second Department.

---

[1] Under New York law, "an appellant is entitled to bring a motion for a writ of error coram nobis, on the ground of ineffective assistance of appellate counsel, in the appellate tribunal which considered the primary appeal in which counsel was allegedly deficient." People v. Bachert, 69 N.Y.2d 593, 600 (1987).

Respondent argued that if petitioner's motion were to be found meritorious, petitioner could be granted relief that would render his habeas petition moot. Id.

On June 10, 2011, petitioner filed a letter motion to stay and hold his petition in abeyance, "in order to allow [him] to amend [the petition] with the point issues of law and constitutional claims." Pet.'s Ltr. Mot. to Stay, June 10, 2011, ECF No. 6. On June 23, 2011, Judge Matsumoto denied, without prejudice, petitioner's motion for a stay as premature because petitioner had not yet actually raised any new claims or shown that they would relate back to the original petition so as not to be time-barred. June 23, 2011, Order ("June 23 Order"). Judge Matsumoto explained that "[i]f petitioner can demonstrate that his proposed new claim relates back to the claims in his petition filed on March 24, 2011, prior to the expiration of the AEDPA statute of limitations, the court will then consider the merits of petitioner's motion to amend his petition." Id. at 4. Judge Matsumoto ordered that, if petitioner should choose to file a motion to amend, he should concurrently file a motion to stay the petition in order to exhaust the unexhausted state claims. Id. at 5. The order explained that the applicable legal test for whether a court can grant a request to stay includes the issue of whether a petitioner had good cause for failing to exhaust the claims, and asked that petitioner state when he discovered the factual basis for his new claims. Id.

On January 30, 2012, petitioner filed a second motion to amend his petition to add new claims, and to stay his petition so that he could exhaust the state remedies for his newly added

claims.[2] Pet.'s Mot. to Amend and Mot. to Stay, ECF No. 15.  Petitioner explained that he has a pending application before the Court of Appeals for leave to appeal from the Second Department's denial of his writ of error coram nobis for ineffective assistance of appellate counsel, and that he intends to file a motion for post-conviction relief under N.Y.C.P.L. § 440.10 (1)[h], which allows a state court to vacate a conviction obtained in violation of the defendant's rights under the New York state constitution or the federal constitution.  Id.

Respondent opposed petitioner's motion on February 9, 2012.  Resp.'s Opp. to Mot. to Amend and Stay, ECF No. 16.  Respondent argues that petitioner's motion must be denied because petitioner did not comply with the Court's order that he attach a proposed amended petition to his motion, and also because petitioner's proposed claims do not relate back to his original petition, and are therefore untimely.  Id. at 1.  Petitioner's motion is now before me for a Report and Recommendation.

## II. ANALYSIS

Petitioner seeks to add two claims to his petition: ineffective assistance of appellate counsel and ineffective assistance of trial counsel.  He also asks the Court to stay his petition so that he can present his ineffective assistance of trial counsel claim to the state courts.  For the reasons stated below, I conclude that: (1) petitioner's proposed claim of ineffective assistance of appellate counsel does not relate back to his original petition, and is thus time-barred, and (2) petitioner has not shown good cause for failing to exhaust his proposed claim of ineffective

---

[2] In her June 23, 2012, Order, Judge Matsumoto ordered petitioner to file his motion to amend and stay by July 8, 2011.  June 23 Order.  In a letter dated June 30, 2011, petitioner requested an extension of time, Pet.'s Mot. for Ext. to File Mot. to Amend and Stay, ECF No. 10, and the Court granted petitioner an extension until July 22, 2011.  July 11, 2011, Order Granting Extension.  Petitioner failed to file any pleadings by that deadline.  On December 13, 2011, Judge Matsumoto ordered petitioner to show cause for his failure to comply with the Court's July 11, 2011, Order.  Dec. 13, 2011, Order to Show Cause.  By letter dated December 19, 2011, petitioner apologized for his tardiness and asked the Court for advice as to how to proceed with his petition.  Pet.'s Ltr. of Dec. 23, 2011, ECF No. 13.  On January 12, 2012, Judge Matsumoto granted petitioner, "[a]s a last and final chance," an extension of time until January 23, 2012, to file his concurrent motion or inform the court that he did not wish to amend his petition.  Jan. 12, 2012, Order re: Order to Show Cause.

assistance of trial counsel, and thus, even if that claim does relate back, this Court may not stay the petition in order for petitioner to exhaust the claim. Therefore, I recommend that the Court allow petitioner to proceed only with the exhausted claim in his original petition.

## A. Petitioner's Motion to Amend and Stay

Respondent argues that petitioner's motion to amend and stay should be denied because petitioner failed to attach a proposed amended petition to his motion. Indeed, petitioner failed to comply with the Court's Order that he include a proposed amended petition. See June 23 Order. Some courts contemplating similar facts have denied, without prejudice, motions to amend where a petitioner neglected to attach the proposed amended petition. Encarnacion v. McGinnis, No. 01-CV-0586, 2008 WL 795000 (N.D.N.Y. Mar. 24, 2008), ECF Nos. 14, 16, 19 (denying petitioner's motions to amend based on local rule requiring that a party moving to amend a pleading attach an unsigned copy of the proposed amended pleading to its motion papers); see also Nelson v. Smith, No. 04-CV-564, 2008 WL 2357098, *1 (N.D.N.Y. June 4, 2008).

Petitioner's affirmation explains not only the claims he proposes to add to his petition, but also the facts and arguments underlying the claims. Pet.'s Aff. in Supp. of Mot. This affirmation, construed liberally, is sufficient to explain the claims he intends to raise. Judicial efficiency would not be served by dismissing the instant motions and requiring him to re-file his proposed claims in a different format. Therefore, I conclude that petitioner's affirmation effectively serves as a proposed amended petition, and thus proceed to the merits of his motion to amend and stay.

## B. Exhaustion

A state prisoner seeking federal habeas review must first exhaust available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion means that a prisoner has fairly presented his claims to the appropriate state courts, and given them the opportunity to review the claims and

7

correct any error. Ortiz v. Heath, No. 10-CV-1492, 2011 WL 1331509, at *6 (E.D.N.Y. April 6, 2011) (citing Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc)); Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003)).

The claims in petitioner's original petition—that the prosecution failed to disprove his justification defense beyond reasonable doubt, and that the verdict was against the weight of the evidence—have already been exhausted in the New York courts. June 23 Order at 1 (citing Pet.).

Petitioner's ineffective assistance of appellate counsel claim, which petitioner presented to the Appellate Division in a writ of error coram nobis, appears to not yet have been exhausted because, although the Appellate Division denied petitioner's writ, petitioner sought leave from the Court of Appeals, and his application is still pending. Cf. Diaz v. Graham, No. 07-CV-5379, 2011 WL 1303924, at *2 n.1 (E.D.N.Y. Mar. 31, 2011) (determining that a petitioner who had brought a writ of error coram nobis before the Appellate Division, but had not sought leave to appeal the Appellate Division's denial, had not exhausted his ineffective assistance of appellate counsel claim); Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001) (explaining that the Appellate Division's contemplation of a writ of error coram nobis will exhaust the ineffective assistance of appellate counsel claim, but not any underlying claims). The ineffective assistance of trial counsel claim petitioner seeks to add has not yet been presented to the state courts, and thus has not been exhausted.[3] 28 U.S.C. § 2254(b)(1)(A).

---

[3] As of the date of this opinion, petitioner had yet to seek any state court remedy for his claim of ineffective assistance of trial counsel. In his motion to amend, he asserted that he intends to file a motion for post-conviction relief for ineffective assistance of trial counsel. Pet.'s Aff. in Supp. of Mot. ¶ 3. Thus, this claim has yet to be presented to any state court.

## C. **Motion to Amend**

The Antiterrorism and Effective Death Penalty Act sets a one-year statute of limitations for a petitioner to file for relief from a state court judgment. See 28 U.S.C. § 2244(d)(1). After this one year has passed, only claims that relate back to those in the original petition may be added and considered timely. Mayle v. Felix, 545 U.S. 644, 664–77 (2005).

Proposed amendments to habeas petitions are governed by Federal Rule of Civil Procedure 15(B), which provides that an amendment will relate back to the original pleading if "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(B); Mayle, 545 U.S. at 664. Claims will relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Id. Thus, the pertinent inquiry is "whether the original [petition] gave the [respondent] fair notice of the newly alleged claims." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000) (applying, pre-Mayle, Rule 15 to determine whether a proposed claim related back to an original habeas petition).

The Supreme Court has rejected the argument that the standard for relating back should be broadened in the habeas context to include claims from the same trial, conviction, or sentence. Mayle, 545 U.S. at 656–65. On the other hand, however, courts must construe pleadings by pro se litigants liberally, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), and where the relation back of claims is a close call, courts tend to favor resolution of the claims on the merits rather than on procedural technicalities. Munoz v. Burge, No. 02-CV-6198, 2010 WL 3394696, at *6 (E.D.N.Y. Aug. 20, 2010) (citing Walker v. Poole, No. 03-CV-6088, 2006 WL 1144501, at *2 (W.D.N.Y. April 27, 2006) and Fauntleroy v. Artuz, No. 00-CV-2209, 2005 WL 1899498, at *3 (E.D.N.Y. July 18, 2005)).

*1. Ineffective Assistance of Appellate Counsel Claim*

Petitioner seeks to amend his petition to include a claim that appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for "not registering Crawford v. Washington [sic] and Massachusetts v. Melendez-Diaz [sic] objection" to the testimony of a medical examiner who had not actually performed the autopsy of the deceased, but testified based on the records of the examiner who had. Pet.'s Aff. in Supp. of Mot. ¶ 2. In his original petition, petitioner claims that: "The People failed to prove disprove [sic] appellant's justification defense beyond a reasonable doubt and verdict against weight of evidence." Pet. at 5. As the supporting facts for this assertion, he claims that "[t]he People failed to prove prima facie case." Id.

Petitioner "avers" and "respectfully submits" that his proposed ineffective assistance of appellate counsel claim relates back to the original petition. Pet.'s Aff. in Supp. of Mot. ¶¶ 5, 10.¶. He argues that "[t]he original petition is arguing that defendant was justified in the use of deadly force." Id. ¶ 6. Liberally construed, petitioner's best argument is that this claim relates back because it generally relates to the evidence presented by the prosecution at trial.

Unfortunately for petitioner, whether or not this relates back is not a close call. Whereas the factual basis for petitioner's original claim arises from the presentation of his justification defense during his trial, the factual basis for the proposed claim arises from his appeal. Thus, the ineffective assistance of appellate counsel claim differs in time and in type from the claims in the original petition and does not relate back to the original petition. Diaz, 2011 WL 1303924, at *3 (finding that petitioner's claim of ineffective assistance of appellate counsel, a claim based on "the contents of the appellate brief filed by appellate counsel," did not relate back to his claim based on "acts or omissions during the trial"); Jenkins v. Greene, 646 F. Supp. 2d 615, 621

(S.D.N.Y. 2009) (determining that a claim of ineffective assistance of counsel at sentencing did not relate back to claim of ineffective assistance of counsel at plea negotiations).

Because the claim of ineffective assistance of appellate counsel does not relate back, it is time barred under the AEDPA. Mayle, 545 U.S. at 654–56. Accordingly, amending the petition to add this claim "would be futile and must be denied." Porter v. Conway, No. 05-CV-6142, 2009 WL 4280379, at *9 (W.D.N.Y. Nov. 24, 2009) (citing Jones v. N. Y. State Div. of Military and Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999)). Therefore, I conclude that petitioner's motion to amend his petition to add a claim for ineffective assistance of appellate counsel should be denied.

### 2. Ineffective Assistance of Trial Counsel Claim

Petitioner also seeks to add an ineffective assistance of trial counsel claim, specifically arguing that: (1) trial counsel was deficient for "not debunking State's case with forensic evidence"; and (2) trial counsel failed to consult with him prior to placing him on the stand. Pet.'s Aff. in Supp. of Mot. ¶ 3. As discussed below, however, even if this claim relates back, it has not been exhausted and therefore cannot be added to the petition.

### D. **Motion to Stay**

Assuming that petitioner's ineffective assistance of counsel claim relates back and could therefore be added to the petition and considered timely, the claim has not been exhausted. Therefore, if the claim were added, the petition would contain both exhausted and unexhausted claims, thereby making it a "mixed petition." Rhines v. Weber, 544 U.S. 269, 273–74 (2005). A district court faced with a mixed petition has several options: (1) deny the petition on the merits where the claims are clearly meritless; (2) allow a petitioner to omit the unexhausted claim and proceed with the exhausted claim; (3) dismiss the petition in its entirety without prejudice; or (4) under very limited circumstances, the court may "stay the petition and hold it in abeyance while

the petitioner returns to state court to exhaust his previously exhausted claims." Ortiz, 2011 WL 1331509 at *14 (quoting Rhines, 544 U.S. at 275); Johnson v. Phillips, No. 02-CV-5790, 2010 WL 4961658, *12 (E.D.N.Y. Nov. 30, 2010) (citations omitted).

The AEDPA places significant limits on a district court's discretion to stay a mixed petition in order for the petitioner to exhaust all of his or her claims. Rhines, 544 U.S. at 276–77. A court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (3) the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has now twice moved for the Court to stay his petition so that he may exhaust ineffective assistance of counsel claims before presenting them to the Court in his habeas petition. In her June 23, 2011, Order, Judge Matsumoto ordered that petitioner file the instant motion and entreated petitioner to "state when he discovered the factual basis for his new claims." June 23 Order at 5. Rather than addressing this point, petitioner's affirmation simply discusses the incident giving rise to his conviction and his testimony at trial. He does not contend that he learned of any new facts after his trial or appeal, nor does he give any reason for failing to exhaust his ineffective assistance of trial counsel claim. The only potential good cause petitioner cites is the fact that he "is not versed in the law." Pet.'s Mot. to Amend and Stay ¶ 10.

Petitioner's argument that he is "not versed in the law" is not sufficient to constitute good cause under the Rhines standard. Ortiz, 2011 WL 1331509, at *15 (finding failure to show good cause where petitioner argued that he had failed to exhaust because he was "unschooled in legal intricacies" and had thus relied on his assigned appellate counsel to present the appropriate claims to the state courts); Aessa v. Annetts, No. 06-CV-5830, 2007 WL 330296, at *1–2

(E.D.N.Y. Jan. 30, 2007) (noting that courts differ in their descriptions of good cause, but that most courts require that it be external to, and not attributable to, petitioner).

In some cases, courts have found a petitioner's reasonable confusion about whether his claims have been exhausted to constitute good cause. See, e.g., Brown v. Ebert, No. 05-CV-5579, 2006 WL 1273830, at *3 (S.D.N.Y. May 9, 2006). In this case, however, petitioner has not exhibited confusion about whether his claims have been exhausted—he has clearly stated that he has not yet brought, but intends to bring, a § 440.10 collateral attack motion. Pet.'s Mot. to Amend and Stay ¶ 3. In his first letter to the Court asking for a stay, petitioner argued for a stay because "[he] must exhaust state remedies before seeking federal habeas corpus relief because [habeas corpus] is principally designed to also protect the state courts [sic] role in enforcement of federal law . . . as well as to prevent disruption of state judicial proceedings." Pet.'s Ltr. Mot. to Stay. This argument indicates that petitioner has at least a basic understanding of the concept of exhaustion. He is not confused about whether his ineffective assistance of trial counsel claim has been exhausted because he knows that it has yet to be filed in any state court. Therefore, I conclude that petitioner has not shown good cause for his failure to exhaust his ineffective assistance of trial counsel claim.

Because petitioner has failed to show good cause for failure to exhaust his ineffective assistance of trial counsel claim, the Court may not issue a stay. Rhines, 544 U.S. at 277. Without the ability to issue a stay, the Court has the option to dismiss the petition on the merits, if it is clearly meritless, or allow petitioner to proceed with only the exhausted claim.[4] See Ortiz, 2011 WL 1331509 at *14 (quoting Rhines, 544 U.S. at 275); Johnson, 2010 WL 4961658 at *12

---

[4] As discussed above, the Court may also dismiss the petition in its entirety without prejudice. See Ortiz, 2011 WL 1331509 at *14 (quoting Rhines, 544 U.S. at 275); Johnson, WL 4961658, at *12 (citations omitted). Petitioner timely filed his petition, and his statute of limitations to file has expired; thus, a dismissal without prejudice does not seem appropriate in this case.

(E.D.N.Y. Nov. 30, 2010) (citations omitted). The merits of the original petition are not before me for a Report and Recommendation, and respondent has not argued that I should reach the merits of the petition. Therefore, I recommend that the Court allow petitioner to proceed with the exhausted claims in his original petition.

### III. CONCLUSION

In sum, I conclude that: (1) petitioner's claim of ineffective assistance of appellate counsel does not relate back to the original petition and is thus time-barred; and (2) petitioner has not shown good cause for failing to exhaust his proposed claim of ineffective assistance of trial counsel, and thus, even if that claim does relate back, this Court may not stay the petition in order for petitioner to exhaust the claim. Therefore, I respectfully recommend that the Court deny petitioner's motion to amend and stay, and allow petitioner to proceed with the exhausted claims in his original petition.

Respondent is directed to serve a copy of this Report and Recommendation on petitioner and to promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.

Dated: May 23, 2012
      Brooklyn, New York

                                              /s/
                                        JOAN M. AZRACK
                                        UNITED STATES MAGISTRATE JUDGE