```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHARLES SPELLS,

                Pro se Petitioner,      MEMORANDUM AND ORDER
                                        ADOPTING IN PART AND
    -against-                           MODIFYING IN PART REPORT
                                        AND RECOMMENDATION
WILLIAM LEE,
                                        11-CV-1680(KAM)(JMA)
                Respondent.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On April 1, 2011, Charles Spells ("petitioner") filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court conviction on one count of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Third Degree. (*See* ECF No. 1, Petition.) Specifically, petitioner claims that the prosecution failed to disprove his justification defense beyond a reasonable doubt and that the verdict was against the weight of the evidence. (*Id.* at 2.) On January 30, 2012, petitioner filed a motion (1) to amend his petition to add claims of ineffective assistance of trial counsel and of appellate counsel, and (2) to stay his petition until he is able to exhaust state court remedies for these additional claims. (*See* ECF No. 15-1, Petitioner's Affirmation in Support of Motion ("Pet. Mem.").) Respondent opposed petitioner's motions in a submission filed on

February 9, 2012.  (*See* ECF No. 16, Respondent's Memorandum of Law ("Resp't Opp'n.").)

This court referred petitioner's motions to amend and to stay to Magistrate Judge Joan M. Azrack for a Report and Recommendation.  On May 23, 2012, Magistrate Judge Azrack issued a Report and Recommendation recommending the denial of petitioner's motions.  (*See* ECF No. 18, Report & Recommendation ("R&R").)[1]  On June 5, 2012, petitioner filed a timely objection to the Report and Recommendation (*see* ECF No. 20, Petitioner's Objection to R&R ("Obj.")), and no response to the objection has been received from respondent.  Having reviewed Magistrate Judge Azrack's Report and Recommendation, the record before the court, and the relevant case law, for the reasons set forth below, the court (1) modifies the Report and Recommendation and grants petitioner's motion to amend with respect to his ineffective assistance of appellate counsel claim, and (2) adopts that portion of the Report and Recommendation that recommends denial of petitioner's motions with respect to his ineffective assistance of trial counsel claim.

---

[1] The Report and Recommendation provides a thorough recitation of the relevant facts underlying petitioner's claims and his motions to amend and to stay and such facts will not be repeated herein.  The court also assumes the parties' familiarity with the prior orders of the court in this case.  *See, e.g.*, *Spells v. Lee*, No. 11-CV-1680, 2011 U.S. Dist. LEXIS 67009 (E.D.N.Y. June 23, 2011).

2

**STANDARD OF REVIEW**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). To the extent a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 U.S. Dist. LEXIS 84291, at *4 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *accord Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011); *see also Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to report and recommendation not specific enough to constitute an objection under Federal Rule of Civil Procedure 72(b)). Similarly, when a party makes no objection to a portion of a report and recommendation, the court reviews that portion only for clear error. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y.

2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The court is mindful that "that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted); *see Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *5 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection).

Here, petitioner does not make any specific objections to the Report and Recommendation or the conclusions of law underlying Magistrate Judge Azrack's recommendation to deny his motions, namely that his ineffective assistance of appellate counsel claim does not relate back to his original petition and is time-barred, and that petitioner has not shown good cause for failing to exhaust his ineffective assistance of trial counsel

4

claim. Rather, petitioner argues the merits of the claims in his original petition as well as his ineffective assistance of counsel claims (*see* Obj. at 2-4), which are irrelevant to the grounds on which the Report and Recommendation was decided. Indeed, petitioner only appears to object to the Report and Recommendation on the grounds that "it is leaning more to the prosecutor's side" and that the "Magistrate Judge needs to understand that these prisoner's [*sic*] aren't lawyers and let alone have college degrees [*sic*]." (Obj. at 4.)

Accordingly, after construing petitioner's *pro se* submissions liberally, the court finds that petitioner's objections to the Report and Recommendation are general and conclusory and that the court is thus only required to review the entire Report and Recommendation for clear error. Notwithstanding this conclusion, the court finds that it would have reached the same result had it conducted a *de novo* review of the Report and Recommendation.

## **DISCUSSION**

The Report and Recommendation found that petitioner's motion to amend should be denied because (1) the ineffective assistance of appellate counsel claim does not relate back to the original petition and is thus time-barred; and (2) the ineffective assistance of trial counsel claim has not been exhausted in state court. Furthermore, the Report and

5

Recommendation found that petitioner's motion to stay should be denied because he has failed to establish good cause for failing to exhaust his ineffective assistance of trial counsel claim. Each of these determinations will be discussed in turn.

I.  **The Timeliness of Petitioner's Ineffective Assistance Claims**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for a petitioner to file for habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitations period begins to run from the date on which "the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Here, petitioner's state court judgment became final on Monday, March 29, 2010, ninety days after December 28, 2009, the date the New York Court of Appeals in *People v. Spells*, 13 N.Y.3d 910 (N.Y. 2009) denied leave to appeal the Appellate Division's affirmance of petitioner's conviction.[2] *See Rivera v. Cuomo*, 649 F.3d 132, 139 (2d Cir. 2011) ("For habeas purposes, a New York state-court conviction becomes final 90 days after the New York Court of Appeals denies leave to appeal, which is when the petitioner's time to apply

---

[2] Because 90 days after December 28, 2009 is Sunday, March 28, 2010, petitioner's conviction became final the following business day. *See Belot v. Burge*, No. 03-CV-1478, 2005 U.S. Dist. LEXIS 45386, at *14 & n.4 (S.D.N.Y. July 14, 2005) (stating that if the 90-day period expires on a Sunday, the conviction becomes final the following business day).

6

for a writ of certiorari to the United State Supreme Court expires.").

On March 24, 2011, almost a year after his state court judgment became final but five days prior to the expiration of the one-year statute of limitations, petitioner filed a petition for a writ of error *coram nobis* in the Appellate Division alleging ineffective assistance of appellate counsel, which tolled the one-year AEDPA statute of limitations. *See Kevilly v. Connell*, No. 06-CV-5672, 2009 U.S. Dist. LEXIS 22414, at *12 (E.D.N.Y. Mar. 19, 2009) ("[T]he time during which a petitioner filed writs of *coram nobis*, or other post-conviction applications to the state court, is not counted for statute of limitations purposes and, thus, tolls the clock." (citing 28 U.S.C. § 2244(d)(2))). The original habeas petition was subsequently filed on April 1, 2011. Although the Appellate Division denied the *coram nobis* petition on October 11, 2011, *People v. Spells*, 88 A.D.3d 821 (N.Y. App. Div. 2d Dep't 2011), petitioner applied to the Court of Appeals for leave to appeal the denial of his *coram nobis* petition. (Obj. at 2); *see* N.Y. Crim. Proc. Law § 450.90(1). On July 12, 2012, the Court of Appeals denied leave to appeal the Appellate Division's denial of the *coram nobis* petition. (*See* ECF No. 21, Respondent's Letter dated July 23, 2012 (attaching Court of Appeals order denying leave to appeal).) The one-year statute of limitations

was therefore tolled between March 24, 2011, the date petitioner filed his *coram nobis* petition, and July 12, 2012, the date the Court of Appeals denied leave to appeal the denial of the *coram nobis* petition. *See Bryant v. Graham*, No. 11-CV-6006, 2011 U.S. Dist. LEXIS 144355, at *3 (E.D.N.Y. Dec. 14, 2011) (finding that the one-year statute of limitations under AEDPA "excludes the time during which [petitioner's] *coram nobis* petition — or an appeal from the Appellate Division's disposition of the *coram nobis* petition — is pending.").[3]

Accordingly, contrary to the Report and Recommendation and this court's Order dated June 23, 2011,[4] the statute of limitations period did not expire until at least July 17, 2012, five days after the date of the Court of Appeals' denial of

---

[3] In *Geraci v. Senkowski*, 211 F.3d 6 (2d Cir. 2000), the Second Circuit held that a *coram nobis* petition ceases to be pending for habeas purposes on the date it is denied by the Appellate Division because "[w]ith the filing of the Appellate Division's *coram nobis* order, the door of the New York Court of Appeals was closed and further appellate review was unavailable." *Id.* at 7 (citation omitted); *accord Hizbullahankhamon v. Walker*, 255 F.3d 65, 71-72 (2d Cir. 2001). As recognized in *Saunders v. Senkowski*, 587 F.3d 543 (2d Cir. 2009), however, appeals of *coram nobis* petitions to the Court of Appeals were authorized by new legislation on November 1, 2002, and thus the rule of *Geraci* does not apply to applications to appeal denials of *coram nobis* petitions filed after November 1, 2002. *Id.* at 548 n.1.

[4] The June 23, 2011 Order, *see Spells*, 2011 U.S. Dist. LEXIS 67009, at *5, did not consider the effect of petitioner's *coram nobis* petition on AEDPA's one-year statute of limitations, and that issue has not been raised by either of the parties. Notably, respondent's opposition assumes that petitioner's ineffective assistance claims are time-barred and rests entirely on the position that such claims do not relate back to the original petition. (*See generally* Resp't Opp'n.)

8

leave to appeal.[5] Because the ineffective assistance of appellate and trial counsel claims were timely as of the date petitioner filed his motion to amend on January 30, 2012 - well before the one-year statute of limitations had expired – those claims are not time-barred for purposes of the motion to amend. Additionally, it is thus not necessary for the ineffective assistance claims to relate back to the date of the original petition under Federal Rule of Civil Procedure 15(c) in order for them to fall within the one-year statute of limitations.[6] *See Espiritu v. Haponik*, No. 05-CV-7057, 2012 U.S. Dist. LEXIS 20857, at *28 (S.D.N.Y. Jan. 19, 2012) ("A petitioner may amend his habeas petition to include additional claims only if those claims are timely under AEDPA *or* if the claims 'relate back' to the original claims." (emphasis added)).

---

[5] This conclusion assumes that petitioner has not filed any other application for post-conviction or other collateral review in state court with respect to his conviction prior to July 17, 2012. *See* 28 U.S.C. § 2244(d)(2).

[6] Had this court decided petitioner's motion to amend prior to the Court of Appeals' decision denying leave to appeal the denial of the *coram nobis* petition, the court would have granted a stay and abeyance of this case until the Court of Appeals rendered its decision, thereby permitting petitioner to exhaust the ineffective assistance of appellate counsel claim in state court and return to federal court for review of his perfected petition. *See infra* Part III; *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Therefore, although the statute of limitations has likely expired prior to petitioner's amendment of his petition to add the ineffective assistance of appellate counsel claim, the fact that the court did not decide petitioner's motion to amend until after that claim had been exhausted should not prejudice petitioner's motion to amend.

## II. Exhaustion of Petitioner's Ineffective Assistance Claims

Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Jimenez v. Walker,* 458 F.3d 130, 148-49 (2d Cir. 2006). This exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been 'fairly presented' to the state courts." (citation omitted) (internal quotation marks omitted). *Id.*[7]

First, because the Court of Appeals recently denied leave to appeal the denial of petitioner's *coram nobis* petition, the ineffective assistance of appellate counsel claim has now been exhausted in state court. Second, as correctly stated in the Report and Recommendation, the ineffective assistance of trial counsel claim has not been exhausted. (R&R at 7-8.) Although petitioner intends to file a post-conviction § 440.10(1)(h) motion in state court to raise his ineffective assistance of trial counsel claim, such claim has not yet been

---

[7] There is no dispute that the claims in the original petition – that the prosecution failed to disprove petitioner's justification defense beyond a reasonable doubt and that the verdict was against the weight of the evidence – have been exhausted during petitioner's direct appeal.

presented in state court and thus is not ripe for review by this court.  *See* 28 U.S.C. § 2254(b)(1).

**III. Motion for Leave to Amend and to Stay Petition to Permit Exhaustion in State Court**

The standard for granting or denying a motion to amend in the habeas context is governed by Federal Rule of Civil Procedure 15(a), which requires that leave to amend be "freely given . . . when justice so requires." *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001); Fed. R. Civ. P. 15(a)(2).  A district court may, however, deny leave to amend "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Hom Sui Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002).  Here, the court does not find that petitioner's instant motion to amend was intended as a dilatory or unfairly prejudicial tactic, particularly where defendant first alerted this court of his intention to amend his petition in a letter dated June 10, 2011, which was filed almost within two months of the filing of the original petition.  (*See* ECF No. 6, Petitioner's Letter Motion to Stay and to Hold Habeas Petition in Abeyance.)  The court now addresses whether petitioner's motion to amend should be granted with respect to his ineffective assistance of appellate and trial counsel claims.

11

First, because petitioner's ineffective assistance of appellate counsel claim was timely as of the date he filed his motion to amend and has been exhausted, the court grants petitioner's motion to amend his petition to add the ineffective assistance of appellate counsel claim pursuant to the liberal standard for amendment of pleadings under Federal Rule of Civil Procedure 15. *See Schwamborn v. County of Nassau*, 348 F. App'x 634, 635 (2d Cir. 2009) (summary order) (recognizing that "leave to amend a complaint, particularly one of a *pro se* litigant, should be liberally granted" (citing *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003))).

Second, in deciding whether to grant petitioner leave to amend to add his ineffective assistance of trial counsel claim, the court must address whether an amendment of the petition to add this unexhausted claim would be futile. *See Hunt v. Alliance North Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998) ("Although Fed. R. Civ. P. 15(a) provides that the district court should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where . . . amendment would be futile."). As discussed above, all claims presented in a petition for a writ of habeas corpus must first be exhausted in state court proceedings, 28 U.S.C. § 2254(b)(1)(A), and, as held by the Supreme Court, "federal district courts may not adjudicate mixed petitions for

habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy,* 455 U.S. 509 (1982)).  Therefore, "upon a motion to amend so as to include an unexhausted claim, allowance of the amendment would be futile if the court also declined to use the stay and abeyance procedure while the petitioner exhausts the claim in state court." *Rivera v. Ercole*, No. 07-CV-3577, 2007 U.S. Dist. LEXIS 68788, at *90 (S.D.N.Y. Sept. 18, 2007); *Ramdeo v. Phillips*, No. 04-CV-1157, 2006 U.S. Dist. LEXIS 7422, at *12 (E.D.N.Y. Feb. 7, 2006) ("The mere fact that claims are unexhausted does not make them futile, so long as a petitioner can obtain a stay of the habeas proceedings while he exhausts those claims." (internal quotation marks omitted)).

In *Rhines*, the Supreme Court addressed the "limited circumstances" under which a petition may be stayed and held in abeyance to permit the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected habeas petition. *See Rhines*, 544 U.S. at 277-78.  Specifically, the Supreme Court stated that a stay and abeyance of the petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.  Furthermore, "even if a petitioner had good cause for that failure, the district court would abuse its

13

discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* At this juncture, the court is unable to make the determination, based upon the current submissions, that the ineffective assistance of trial counsel claim is "plainly meritless." Therefore, the court will address whether petitioner demonstrated good cause for failing to exhaust the ineffective assistance of trial counsel claim in state court.

The court concludes, for substantially the same reasons contained in the Report and Recommendation, that petitioner has failed to establish good cause, let alone *any* cause, for failing to exhaust his ineffective assistance of trial counsel claim in state court before filing his habeas petition in federal court. (*See* R&R at 11-14); *Spurgeon v. Lee*, No. 11-CV-600, 2011 U.S. Dist. LEXIS 35252, at *8 (E.D.N.Y. Mar. 31, 2011) (denying stay of habeas proceeding because "petitioner offers no explanation, let alone asserts 'good cause,' as to why he did not previously raise his . . . claim in state court"); *Redd v. Woughter*, No. 09-CV-9819, 2010 U.S. Dist. LEXIS 128182, at *2 (S.D.N.Y. Dec. 2, 2010) ("[P]etitioner has not demonstrated good cause because the petitioner has not provided any reason for not exhausting his ineffective assistance of appellate counsel claim before bringing his current petition."); *Jones v. Walsh*, No. 08-CV-915, 2008 U.S. Dist. LEXIS 38309, at

14

*17 n.4 (E.D.N.Y. May 12, 2008) (finding that petitioner failed to show good cause where petitioner "offered no reason for why he failed to exhaust his claims in state court.").

Indeed, petitioner was aware as least as early as December 28, 2009 – the date he was denied leave to appeal the affirmance of his conviction to the Court of Appeals - of the underlying facts surrounding his ineffective assistance of trial counsel claim, namely trial counsel's alleged failure to challenge the prosecution case with forensic evidence and to consult with the petitioner prior to placing him on the stand. (Pet. Mem. at 1-2.) Despite knowledge of the facts underlying his claim since at least December 2009, more than two-and-a-half years ago, petitioner to this day has not raised his ineffective assistance of trial counsel claim in state court, although he states that he "intends" to do so. (*Id.* at 1.) The court cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier. *See Scott v. Phillips*, No. 05-CV-0142, 2007 U.S. Dist. LEXIS 69420, at *18 (E.D.N.Y. Sept. 19, 2007) ("Were the Court to grant a stay simply on the basis that petitioner did not bring the claim earlier, despite admittedly being previously aware of the facts supporting the claim, it would be defeating AEDPA's twin purposes of encouraging finality and increasing the incentives for petitioners to exhaust all claims prior to filing

habeas petitions in federal court." (internal quotation marks omitted)).

Because, as demonstrated above and as stated in the Report and Recommendation, petitioner has failed to demonstrate good cause for failing to exhaust his ineffective assistance of trial counsel claim in state court, it would be an abuse of discretion to stay this case to permit petitioner to return to state court to exhaust that claim. Accordingly, as a stay cannot be granted to allow petitioner to exhaust his ineffective assistance of trial counsel claim, any amendment to add that claim would be futile and thus the motion to amend the petition to add an ineffective assistance of trial counsel claim is denied. *See Adams v. Artus*, No. 09-CV-1941, 2012 U.S. Dist. LEXIS 45660, at *39 (E.D.N.Y. Feb. 24, 2012) (Report and Recommendation) (finding motion to amend futile where "petitioner has failed to exhaust his remedies in state court and there is no proper basis for giving the petitioner a stay so that he could exhaust his claims."), *adopted by* 2012 U.S. Dist. LEXIS 45656 (E.D.N.Y. Mar. 29, 2012); *King v. Phillips*, No. 03-CV-6073, 2006 U.S. Dist. LEXIS 72113, at *11 (E.D.N.Y. Oct. 3, 2006) ("Since this Court finds that petitioner has not demonstrated 'good cause' for granting a stay of the instant habeas proceedings, it would be futile to grant him leave to amend his petition to the extent that he seeks to add

unexhausted claims."); *Ramdeo*, 2006 U.S. Dist. LEXIS 7422, at *11-12 (concluding that "it would be futile to permit petitioner to amend his petition" where he seeks to add unexhausted claims).

**CONCLUSION**

For the reasons set forth above, the court (1) modifies the Report and Recommendation and grants petitioner's motion to amend with respect to his ineffective assistance of appellate counsel claim, and (2) adopts that portion of the Report and Recommendation that recommends denial of petitioner's motions with respect to his ineffective assistance of trial counsel claim.

Within 30 days, or by August 23, 2012, petitioner shall file an amended petition that includes his ineffective assistance of appellate counsel claim. Respondent shall have 30 days from the filing of the amended petition to file an answer or other pleading in response to the amended petition, and petitioner shall have 30 days from the receipt of respondent's response to file a reply submission. Finally, respondent shall

serve a copy of this Memorandum and Order on petitioner and file a certificate of service by July 24, 2012.

**SO ORDERED.**

Dated:   July 23, 2012
         Brooklyn, New York

                                             /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York